UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:26-CV-60177

JESUS DICURU ANTONETTI,

    Plaintiff,

vs.

MOCA LOGISTICS & INDUSTRIAL
SOLUTIONS, INC. AND
GIANCARLO MOTTA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jesus Dicuru Antonetti, sues Defendants, MOCA Logistics & Industrial Solutions, Inc., and Giancarlo Motta, as follows:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jesus Dicuru Antonetti**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2.     Plaintiff consents to participate in this lawsuit.

3.     **Defendant, MOCA Logistics & Industrial Solutions, Inc.,** is a *sui juris* Tennessee for-profit corporation that was authorized to conduct and did conduct its for-profit business in Broward County, Florida, at all times material.

4.     **Defendant, Giancarlo Motta,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. Defendant, Giancarlo Motta, ran the day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

1

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

7. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

### *FLSA Jurisdictional Allegations*

8. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

9. Plaintiff was a non-exempt employee of the Defendants until approximately June 18, 2025:

   a. Plaintiff first worked as an "inventory receiver" for the Defendants from June 2023 until November 2024.

   b. Plaintiff then worked as a "Project Coordinator" for the Defendants from approximately November 2024 to June 18, 2025.

10. Plaintiff's job duties involved assembling structures, loading and unloading materials, preparing job sites, safely using tools, performing physically demanding labor, working as part of a team to meet deadlines, and traveling while working as a non-exempt employee of the Defendants.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required the Defendants to make and keep these records).

12. Plaintiff regularly and routinely utilized hand and power tools, job-site equipment,

safety equipment, construction materials and supplies, and other goods and supplies that moved through interstate commerce.

13. Plaintiff also regularly and recurrently exchanged communications outside of the State of Florida with vendors and customers, as well as with Defendants' out-of-state corporate offices and by regularly and recurrently conducting electronic transmissions of emails, online transactions, and credit card processing.

14. After June 19, 2025, Plaintiff worked as an exempt employee with the title of "Project Coordinator for Bundles" through the end of his employment

15. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' nationwide logistics and project management business an enterprise covered by and subject to the requirements imposed by the FLSA.

17. In particular, Defendants own and operate an nationwide logistics and project management business by coordinating and managing logistics and project services across state lines while using vehicles, equipment, tools, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

18. Defendants also regularly and routinely communicated with their workers and others by using telephones, mobile computing devices, and computers to transmit information via

3

email and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

19. In performing warehouse setup operations for Amazon, Defendants' employees receive, handle, and move merchandise from Amazon.com that previously traveled in interstate commerce.

20. Defendants engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida and involving their main office/headquarters in Tennessee.

21. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

22. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

*FLSA Overtime Liability and Damages*

23. Plaintiff's regular rate of pay was as follows for the relevant dates:
    a. $23.00 per hour from April 2023 to June 2025;
    b. $26.4 per hour from June 2025 to November 24, 2025.

24. As relevant to his overtime claim, Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants from May 2023 through November 2025.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

25. Defendants did not pay Plaintiff overtime wages calculated at one and a half times his regular hourly rate for all hours worked over 40 hours in each given workweek through November 2025.

26. Plaintiff suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times his regular pay rate for each hour of overtime (or part thereof) worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Jesus Dicuru Antonetti, demands the entry of a judgment in his favor and against Defendants, MOCA Logistics & Industrial Solutions, Inc., and Giancarlo Motta, jointly and severally after trial by jury and as follows:

   a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
   b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff be awarded all other interest allowed by law;

    e. That the Court declare Defendants to have willfully violated the FLSA; and

    f. Award Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jesus Dicuru Antonetti, demands a trial by jury of all issues so triable.

Respectfully submitted this 22nd day of January 2026,

                                             s/Brian H. Pollock, Esq.
                                             Brian H. Pollock, Esq.
                                             Fla. Bar No. 174742
                                             brian@fairlawattorney.com
                                             FAIRLAW FIRM
                                             135 San Lorenzo Avenue
                                             Suite 770
                                             Coral Gables, FL 33146
                                             Tel:    305.230.4884
                                             *Counsel for Plaintiff*