UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:26-CV-60177-AHS

JESUS DICURU ANTONETTI,

   *Plaintiff*,

   v.

MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. AND GIANCARLO MOTTA,

   *Defendant*.

### DEFENDANT GIANCARLO MOTTA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant, GIANCARLO MOTTA ("Motta"), hereby moves to dismiss the Complaint (ECF No. 1) filed by Plaintiff JESUS DICURU ANTONETTI ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and encloses herewith the following memorandum of law.

### PRELIMINARY STATEMENT[1]

This is action alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), against Motta and Co-Defendant, MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. ("Moca") (Moca and Motta are sometimes collectively referred to herein as "Defendants"). Plaintiff, a resident of Broward County, Florida was an employee of Moca. ECF No. 1, at ¶ 1, 8. Moca is a Tennessee for-profit corporation, authorized to conduct business in the

---

[1] Certain facts stated or referred to in this Motion refer to allegations in Plaintiff's Complaint (ECF No. 1), which are assumed true only for purposes of this motion. Defendant has not filed an answer to Plaintiff's Complaint; therefore, Defendant has not admitted any factual allegations or legal conclusions contained in Plaintiff's Complaint.

CASE NO.: 0:26-CV-60177-AHS

State of Florida.  *Id.* at ¶ 3.  Moca is a nationwide business that specializes in comprehensive warehouse project management services, including the launch, retrofit, and decommissioning of industrial spaces, with solutions tailored to meet each client's unique needs.  *See id.* at ¶ 17.  Motta is a citizen of the State of Tennessee and is the President of Moca. *See* Declaration of Motta, at ¶ 3, attached hereto as Exhibit A.

As a threshold matter, this suit against Motta does not belong in this forum because this Court lacks personal jurisdiction over Motta.  As set forth in the accompanying declaration, Motta did not perform any work in Florida, nor did he commit any tortious acts in Florida.  Plaintiff cannot rely on his conclusory allegations to establish personal jurisdiction.  Plaintiff has not plead any reasons that Motta—a Tennessee domiciliary—can constitutionally be haled into court in the State of Florida.  Although Motta is the President of Moca, Plaintiff has not plead a basis upon which this Court may exercise jurisdiction over such a nonresident defendant.  Indeed, Motta—who is a separate individual from the corporate Moca—does not own, possess, lease or have any personal interests whatsoever in any property—personal or real—in the State of Florida.  *See* Motta Dec., at ¶ 5.  Unlike Moca, Motta does not transact any business, or conduct any advertising in the state of Florida. *Id.* at ¶¶ 5–6.

In short, to exercise jurisdiction, this Court must find that jurisdiction is authorized by Florida's long-arm statute, and that the exercise of jurisdiction does not run afoul to the Due Process Clause.  In this case, the exercise of jurisdiction over non-resident Motta is neither authorized by Florida's long-arm statute, nor consistent with Due Process principles.  Accordingly, respectfully, this Court cannot constitutionally exercise personal jurisdiction over Motta, and Plaintiff's Complaint should be dismissed.

CASE NO.: 0:26-CV-60177-AHS

## BACKGROUND

### I. Summary of Plaintiff's Allegations

Plaintiff claims that he worked for Defendants in various roles. First, Plaintiff claims that he was employed in the non-exempt role of an "inventory receiver" from approximately June 2021 to November 2024. ECF No. 1, at ¶ 9(a). Next, Plaintiff alleges that he worked in the non-exempt role of a "project coordinator" from November 2024 to June 2025. *Id.* at ¶ 9(b). Finally, Plaintiff claims that he worked in the exempt position of "project coordinator for bundles" from June 2025 to the end of Plaintiff's employment. *Id.* at ¶ 14. Plaintiff claims he "regularly and routinely worked over 40 hours in one or more workweeks for Defendants from May 2023 through November 2025[,]" and thus is warranted to overtime liability pursuant to the FLSA. *Id.* at ¶ 24.

### II. The Personal Jurisdiction Allegations Against Motta

Plaintiff's personal jurisdiction allegations against Motta are sparse and conclusory. Briefly, Plaintiff alleges that Motta "was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit" and "ran the day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages." *Id.* at ¶ 4.

## ARGUMENT

### I. Legal Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323–24 (M.D. Fla. 2011). To withstand a motion to dismiss, the plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendant's person. *Virgin Health*

*Corp. v. Virgin Enters. Ltd.*, 393 F. App'x. 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendant sustains its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony, or other evidence of his own. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The plaintiff must do more than "merely reiterate the factual allegations in the complaint." *Id.* (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)). Where the evidence conflicts, however, the district court must construe all reasonable inferences in favor of the plaintiff. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010). "If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists." *Id.*

"Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324. First, the court must determine whether the applicable state long-arm statute is satisfied. *Future Tech. Today*, 218 F.3d at 1249. "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state long-arm statute is satisfied, the court must analyze "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play

and substantial justice." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324; *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626 (11th Cir. 1996).

## II. The Court Lacks Personal Jurisdiction Over Motta

Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction.[2]

### A. The Court Lacks General Jurisdiction Over Motta

In Florida, a court may exercise general jurisdiction over a matter where a defendant "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). However, "[u]nder the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director."[3] "The rationale behind this Corporate Shield Doctrine is that it would be 'unfair to force an individual to defend a suit brought against him personally in a forum within which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.'" *Gannon v. Flood*, Case No. 08-60059-CIV, 2008 WL 905982, at *2 (S.D. Fla. Mar. 26, 2008) (citing *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993).

Motta's status as an owner/officer/director/manager of Moca is insufficient to establish general personal jurisdiction in Florida. *See Carter*, 925 So.2d at 356 (finding no basis for personal jurisdiction over the appellant solely because "he signed business reports as a managing member

---

[2] *See* Fla. Stat. §§ 48.193(1)–(2); *see also easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV-ALTONAGA/GOODMAN, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020).
[3] *Carter v. Est. of Rambo*, 925 So. 2d 353, 356 (Fla. 5th DCA 2006); *see also Stomar, Inc. v. Lucky Seven Riverboat Co.*, 821 So. 2d 1183, 1187 (Fla. 4th DCA 2002) ("Because the individual defendants were acting in their representative capacity on behalf of the limited liability company in executing the brokerage agreement, the circuit court correctly determined that it could not have personal jurisdiction over them under Fla. Stat. § 48.193(1)(g).").

of an LLC in his representative capacity"); *Doe*, 620 So.2d at 1006 ("While [a] Corporation, which operates businesses in Florida, could be haled into court because of its minimum contacts, its chief executive officer is not by virtue of his position subject to personal jurisdiction."). Therefore, even though Motta is the owner of Moca, this is insufficient, without more, to establish general jurisdiction over him. Because Motta acted in his corporate position regarding the allegations in Plaintiff's Complaint, his activity in that capacity shields him from personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)1.[4]

### B. The Court Lacks Specific Jurisdiction Over Motta

In Florida, specific jurisdiction exists where a non-resident defendant engages in specific actions enumerated in Florida Statute § 48.193(1), which give rise to the stated cause of action. *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 790 (11th Cir. 2017). Although Plaintiff does not specify which provisions of Fla. Stat. § 48.193(1) he is relying on, a review of the allegations in the Complaint suggests that Plaintiff may be attempting to rely on one or both of the following predicates of specific long-arm jurisdiction: (1) operating, conducting, engaging in, or carrying on a business in Florida, Fla. Stat. § 48.193(1)(a)(1); or (2) causing injury to persons or property within this state arising out of an act or omission by the defendant outside the state, *id.* § 48.193(1)(a)(6). As explained below, these jurisdictional bases are simply not available to Plaintiff here to establish personal jurisdiction over Motta.

#### 1. Motta Does Not Operate, Conduct, or Carry on a Business in Florida

This Court cannot exercise specific jurisdiction over Motta under Fla. Stat. § 48.193(1)(a)(1) because the alleged cause of action did not arise by way of Motta operating,

---

[4] *See Affenita v. Storfer*, 417 So. 3d 305, 311 (Fla. 4th DCA 2025), *reh'g denied* (Aug. 26, 2025), *review dismissed*, No. SC2025-1511, 2025 WL 3686516 (Fla. Dec. 19, 2025).

conducting or engaging in, or carrying on a business or business venture in Florida, in his individual capacity. *See Crowe v. Paragan Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1121 (N.D. Fla. 2007) (holding the court lacked personal jurisdiction because plaintiff's cause of action did not arise out of defendant's business activities in Florida). To arise from doing business in Florida, a nexus must exist between the business that is conducted in Florida *and* the cause(s) of action alleged. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1352 (11th Cir. 2013).

To establish that a nonresident defendant is "'carrying on a business' for purposes of [Florida's] long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). However, "[w]hile a corporation may itself be subject to jurisdiction when it transactions business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute." *Sculptchair*, 94 F.3d at 629.

Although Motta is the President of Moca, Plaintiff has not plead a basis upon which this Court may exercise jurisdiction over such a nonresident defendant. *First*, Motta clearly was not engaged in a "general course of business activity" for purposes of Florida's long-arm statute. As set forth in the accompanying declaration, Motta—who is a separate individual from the corporate Moca—does not own, possess, lease or have any personal interests whatsoever in any property—personal or real—in the State of Florida. *See* Motta Dec., at ¶ 5. Motta does not maintain a personal bank account, office, or any other facility in the State of Florida. *Id.* Likewise, Motta does not transact any business, or direct any advertising, sell any goods, products, or any services

into the State of Florida, nor does Motta derive significant revenues from the same. *Id.* at ¶¶ 5–6. While Moca is authorized to transact and does transact business in the State of Florida, ECF 1, at ¶ 2, any transactions Motta engaged in on Moca's behalf were done as an agent of Moca and thus does not subject Motta to the jurisdiction of the State of Florida. *See Sculptchair*, 94 F.3d at 629.

*Second*, there is no "direct affiliation, nexus, or substantial connection" between Plaintiffs' causes of action and Motta's alleged activity in Florida (if any). *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019). Consistent with *Hinkle*, Plaintiff's Complaint does not arise out of Motta's activities in Florida. Plaintiff has failed to allege the requisite nexus between his claims to any activities by Motta in Florida. *Hinkle*, 775 F. App'x at 550 (holding there must be a "direct affiliation, nexus, or substantial connection" between a plaintiff's cause of action and the defendant's business activity.) As a result, this Court's exercise of specific jurisdiction over Motta would be improper. *Id.*

Additionally, the Eleventh Circuit and District Courts in Florida have found no specific jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)(1) where telephonic and electronic communications occurred with a plaintiff who was located in Florida.[5] To be clear, Motta never performed work in Florida related to Moca. *See* Motta Dec., at ¶ 7. Indeed, all work related to Moca was performed by Motta in Tennessee. *See id.* Lacking such contacts with Florida, this Court may not exercise personal jurisdiction over Motta.

---

[5] *See Sculptchair*, 94 F.3d at 627 (finding that making phone calls from Canada to Florida did not amount to "conducting business" in Florida); *see also Mold-Ex, Inc. v. Michigan Technical Representatives, Inc.*, No. 304CV307MCRMD, 2005 WL 2416824, at *3 (N.D. Fla. Sept. 30, 2015) (finding "'continuous' telephonic and electronic communications with Mold-Ex at its office in Milton, Florida" to not "constitute 'conducting business' in Florida for purposes of satisfying the long-arm statute."); *see also Lippman v. Apogee Fin. Group*, 745 F. Supp. 678, 682 (S.D. Fla. 1990) (one meeting which Plaintiffs selected would be held in Florida and a series of telephone calls and telecopies not sufficient for personal jurisdiction).

Under these circumstances, it would be "'unfair to force [Motta] to defend a suit brought against him personally in a forum within which his only relevant contacts are acts performed not for his own benefit but for the benefit of [Moca]'"; thus, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.[6]

### 2. This Court Cannot Exercise Jurisdiction Over Motta Pursuant to Fla. Stat. § 48.193(1)(a)(6)

This Court cannot exercise specific personal jurisdiction over Motta pursuant to Fla. Stat. § 48.193(1)(a)(6). This sub-section provides for jurisdiction where the pleading establishes that there has been an "injury to a person or property" within Florida, arising out of an act or omission outside of Florida, if either: (a) the defendant at the time of the injury was engaged in solicitation or service activities in this state, or (b) products, materials, or things processed, serviced, or manufactured by the defendant were used or consumed within this state. *See* Fla. Stat. § 48.193(1)(a)(6).

However, it is well-established in Florida that where a plaintiff merely seeks damages for alleged economic injury "without accompanying personal injury or property injury," specific personal jurisdiction over a non-resident defendant is improper under this sub-section. Fla. Stat. § 48.193(1)(a)(6); *see also Meterlogic*, 126 F. Supp. 2d at 1359; *Sculptchair*, 94 F.3d at 629 (holding that "mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)").

---

[6] *Gannon*, 2008 WL 905982, at *2 (citing *Doe*, 620 So.2d at 1006). While Plaintiff may attempt to argue the failure to pay overtime wages was a tortious act such that jurisdiction is authorized pursuant to § 48.193(1)(b), Fla. Stat., this district's precedent is clear that "the failure to pay overtime wages is not a tortious act within the meaning of Fla. Stat. § 48.193(1)(b)." *Lane v. Cap. Acquisitions & Mgmt. Co.*, Case No. 04-60602-CIV, 2006 WL 4590705, at *3 n.6 (S.D. Fla. Apr. 14, 2006); *see also Parker v. King*, 935 F.2d 1174, 1178 (11th Cir. 1991) (recognizing that claims to recover compensation for violations of the FLSA do not sound in tort).

The Complaint merely alleges that Plaintiff suffered economic injury as a result of Defendants, which is entirely insufficient under Fla. Stat. § 48.193(1)(a)(6). Because Plaintiff has failed to plead that he has incurred personal injury or injury to property as a result of Motta's alleged actions, Fla. Stat. § 48.193(1)(a)(6) provides no basis for personal jurisdiction over Motta.

### C. Exercising Jurisdiction Over Motta Would Violate Due Process

This Court should conclude that the Florida long-arm statute does not authorize jurisdiction over Motta and cease its inquiry. *See, e.g.*, *Lane*, 2006 WL 4590705, at *3–*4 (declining to consider the Due Process Clause analysis); *see also Melgarejo v. Pycsa Panama, P.A.*, 537 F. App'x 852, 862 (11th Cir. 2013) ("Because the district court properly concluded there is no basis for specific personal jurisdiction . . . we do not reach the second question of the personal jurisdiction analysis—whether such an exercise of personal jurisdiction would be constitutional."). If, however, this Court finds that the Florida long-arm statute authorizes jurisdiction over Motta, this Court should conclude that the exercise of jurisdiction would violate the Due Process Clause.

Moreover, no exercise of jurisdiction, either general or specific, may offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945). Accordingly, the due process inquiry analyzes whether there are "sufficient minimum contacts ... between the defendants and the forum state." *Sculptchair*, 94 F.3d at 626. For a defendant's contacts with the applicable forum to constitute minimum contacts for personal jurisdiction purposes, a plaintiff must be able to show that: "(1) the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) the nonresident defendant purposefully availed [it]self of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *easyGroup Ltd.*, 2020 WL 5500695, at *1.

"The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id* at *10.

1. **"Arising out of" or Relatedness**

"A fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Id.* The first prong "focus[es] on the direct causal relationship between the defendant, the forum, and the litigation." *Sinclair & Wilde, Ltd. v. TWA Int'l, Inc.*, No. 20-20304-Civ, 2020 WL 1929262, at *3 (S.D. Fla. Apr. 21, 2020) (alteration added; quotation marks and citation omitted). The Court looks to the "affiliation between the forum and the underlying controversy, focusing on any activity or occurrence that took place in the forum State." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) (alterations adopted; quotation marks and citations omitted).

Here, Plaintiff's claim does not arise out of or relate to Motta's contacts with Florida (if any). Instead, as discussed above, to the extent that Motta engaged in any activities within the forum, such activity was solely engaged in as an agent of Moca. *See* Motta Dec., at ¶ 7. Plaintiff has not alleged that Motta engaged in any activity that occurred in the State of Florida that is affiliated with this controversy. *See id*. Thus, Plaintiff cannot meet the first prong of the *Int'l Shoe* test.

2. **Purposeful Availment**

Motta did not purposefully avail himself of the Florida forum in such a way that he could reasonably anticipate being haled into a Florida court. "Under the traditional minimum contacts test for purposeful availment, the Court assesses the nonresident defendant's contacts with the forum state and asks whether those contacts: (1) are related to the plaintiff's cause of action; (2)

involve some act by which the defendant purposefully availed [it]self of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *easyGroup Ltd.*, 2020 WL 5500695, at *11.  For Plaintiff to satisfy the second prong of the Due Process analysis—the purposeful availment prong—Plaintiff must show more than a nonresident defendant's "'random,' 'fortuitous' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted).  Instead, the defendant's "suit-related" contacts must "create a substantial connection with the forum state" and must be created by the defendant *himself*, not those on the plaintiff or a third party.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Motta did not purposefully avail himself of the Florida forum in such a way that he could reasonably anticipate being haled into a Florida court.  Motta did not engage in such purposeful, deliberate activity, and therefore, this Court cannot constitutionally jurisdiction over him.  Motta's contacts with the forum are less than minimal: he has no property, no bank accounts, no assets, and no businesses in the State of Florida.  Motta Dec., at ¶ 5.  To the extent that Motta has any contact with Florida, it was solely as an agent of Motta, and on random bases. *Id.* at ¶ 7.  As Motta has no minimum contacts with the State of Florida, the exercise of jurisdiction would not comport with Due Process.  Accordingly, Plaintiff's claims against Motta must be dismissed.

### 3. Fair Play and Substantial Justice

Even if Plaintiff could satisfy the first and second prongs of *Int'l Shoe*—which he cannot— the "Court looks to the following factors in evaluating whether exercising jurisdiction comports with fair play and substantial justice: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of several states in advancing fundamental substantive social policies."

*easyGroup Ltd.*, 2020 WL 5500695, at *13.  As the United States Supreme Court has recently stated, the "primary concern" in assessing personal jurisdiction under the prong of traditional notions of fair play and substantial justice is the "burden on the defendant."  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 263 (2017); *see also Flatirons Bank v. Alan W. Steinberg Ltd. P'ship*, 233 So.3d 1207, 1211 n.7 (Fla. 3d DCA 2017) (citing *Bristol-Meyers* in recognizing the "recent trend" in the Supreme Court's jurisprudence on specific jurisdiction "to limit the reach of a court over a defendant where the activity has minimal affiliation with or connection to the forum state").

As set forth in the accompanying declaration, Motta—who is a separate individual from the corporate Moca—does not own, possess, lease or have any personal interests whatsoever in any property—personal or real—in the State of Florida.  *See* Motta Dec., at ¶ 5.  Motta does not maintain a personal bank account, office, or any other facility in the State of Florida.  *Id.*  Likewise, Motta does not transact any business, or direct any advertising, sell any goods, products, or any services into the State of Florida, nor does Motta derive significant revenues from the same.  *Id.* at ¶¶ 5–6.  To be clear, Motta never performed work in Florida related to Moca.  *See id.* ¶ 7.  Indeed, all work related to Moca was performed by Motta in Tennessee.  *See id.*  Motta's acts in Florida (if any) were solely in his corporate capacity for Moca.  Thus, Motta is not individually subject to the Florida long-arm statute.  *See Sculptchair*, 94 F.3d at 629 (holding that two defendants not subject to jurisdiction under Florida long-arm statute for "their strictly corporate acts."); *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705 (Apr. 14, 2006) (dismissing FLSA claims against defendants as the actions were only alleged to have been taken in the course of their corporate duties).

Plaintiff's allegations center solely on Motta's activities on behalf of Moca; therefore, as discussed above, Plaintiff has failed to establish that this Court may exercise personal jurisdiction over Motta.[7] Accordingly, the State of Florida has no interest in adjudicating this litigation, especially considering the substantial burden litigating this matter in Florida would place on Motta, a non-resident with less than minimal contacts to the forum— and, particularly, in light of the fact that Motta could not reasonably anticipate being haled into court in Florida. Because Motta has no relevant connection to the State of Florida, or to any of the conduct that allegedly gave rise to Plaintiffs' claims, it would violate due process for the Court to exercise jurisdiction over Motta.

**D. Even if the Court Could Hear Plaintiff's Claims Against Motta, Plaintiff Has Failed to Allege Facts Sufficient to Pierce the Corporate Veil as Required for Individual Liability**

Plaintiff has failed to state a cause of action against Motta, because Plaintiff fails to plead that Defendants abused the corporate form, a prerequisite to making an individual personally liable for a company's obligations. Plaintiff's conclusory allegations that Motta "was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit" and "ran the day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages," ECF No. 1, at ¶ 4, as a matter of law, cannot state a claim against alleged officers of a corporate entity, *see Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008); *Ryan v. Wren*, 413 So. 2d 1223, 1224 (Fla. 2d DCA 1982).

The purpose of the rule that "[a] corporation is a legal entity—a fictional person— capable of entering contracts and doing business in its own right[,]" is to "limit the liability of the

---

[7] *See Doe v. Thompson,* 620 So.2d 1004, 1006 (Fla.1993) (describing the rationale behind the Corporate Shield Doctrine).

corporation's owners" and "Florida courts will not easily disregard this fiction." *Molinos Valle Del Ciabo v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011). Accordingly, "[w]hen, as here, a plaintiff sues a corporation's agent, that plaintiff faces the foundational principal that the corporate form protects agents of the corporation from being held personally liable. The only exception to this rule is piercing of the corporate veil." *Solnes v. Wallis & Wallis, P.A.*, 15 F. Supp. 3d 1258, 1269 (S.D. Fla. 2014) (emphasis added); *In re Hillsborough Holdings Corp.*, 176 B.R. 223, 244 (M.D. Fla. 1994); *see also R/V Beacon, LLC v. Underwater Archeology Exploration Corp.*, Case No. 14-CIV-22131, 2014 WL 4930645, * 3-4 (S.D. Fla. Oct. 1, 2014).

To do this, Plaintiff was required to allege that: (1) Motta is the owner of Moca; (2) Motta "dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (3) the corporate form must have been used fraudulently or for an improper purpose; and (4) the fraudulent or improper use of the corporate form caused injury to the claimant." *Molinos*, 633 F.3d at 1349; *Houri v. Boaziz*, 196 So.3d 383, 389–90 (Fla. 3d DCA March 9, 2016) (shareholder/officer could not be held personally liable through claim of breach of fiduciary duty because complaint contained no allegations supporting disregard of the corporate form); *Oginsky v. Paragon Prop. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373-74 (S.D. Fla. 2011) (granting motion to dismiss breach of fiduciary duty claim against owner and president of company, where complaint failed to allege abuse of the corporate form); *Ryan v. Wren*, 413 So. 2d 1223, 1224 (Fla. 2d DCA 1982) (plaintiff's breach of contract claim against president and majority stockholder of company who signed contract failed to state a valid claim because plaintiff failed to meet standard for piercing corporate veil).

Plaintiff's Complaint is totally devoid of alleged facts supporting the disregard of Moca's corporate form; thus, Plaintiff's attempt to parlay Moca's alleged acts into individual liability on the part of Motta, its owner, must fail.

## **CONCLUSION**

For the aforementioned reasons, Motta's Motion to Dismiss should be granted, and Plaintiff's claims against Motta should be dismissed.

WHEREFORE, Defendant, GIANCARLO MOTTA, respectfully requests entry of an Order dismissing Plaintiff JESUS DICURU ANTONETTI's Complaint for lack of personal jurisdiction, and for such further relief as this Honorable Court deems just and proper.

Dated this 13th day of March 2026.

                                        Respectfully submitted,

                                        COLE, SCOTT & KISSANE, P.A.
*Limited Appearance Counsel for Defendant GIANCARLO MOTTA*
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone 786-268-6785
Facsimile 305-373-2294
Primary e-mail: nicholas.nashII@csklegal.com
Secondary e-mail: nolan.greene@csklegal.com
Alternative e-mail: maya.berry@csklegal.com

By: */s/ Nolan T. Greene*
NICHOLAS M. NASH II
Florida Bar No.: 1017063
NOLAN T. GREENE
Florida Bar No.: 1062264

1917.2493-00