**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:26-CV-60177-AHS

JESUS DICURU ANTONETTI,

*Plaintiff*,

*v.*

MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. AND GIANCARLO MOTTA,

*Defendant*.

---

**DEFENDANT MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. ("Defendant" or "MOCA")

hereby files its Answer and Affirmative Defenses to the Amended Complaint [ECF No. 23] filed

by Plaintiff, JESUS DICURU ANTONETTI ("Plaintiff"), and in support thereof states as follows:

### *Parties, Jurisdiction, and Venue*

1.      MOCA lacks knowledge or information sufficient to confirm or deny the

allegations in Paragraph 1 of the Amended Complaint, and, thus, denies those allegations.

2.      The allegations contained in Paragraph 2 of the Amended Complaint state a

conclusion of law for which no response is required.  To the extent a response is required, MOCA

lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 2 of the

Amended Complaint, and, thus, denies those allegations.

3.      Admitted only that MOCA is a Tennessee Corporation that conducts business in

Florida.  The remaining allegations in Paragraph 3 of the Amended Complaint are denied.

4. Admitted only that Defendant Giancarlo Motta was and is a director and officer of MOCA. The remaining allegations in Paragraph 4 of the Amended Complaint are denied.

5. The allegations in Paragraph 5 of the Amended Complaint refer to an Application by Foreign Corporation for Authorization to Transact Business in Florida, which is a document that speaks for itself; thus, MOCA denies any allegations inconsistent therewith.

6. Admitted only that MOCA opened an office in Florida around April 2025, otherwise, denied.

7. Denied as phrased.

8. Denied.

9. Denied.

10. Denied as phrased.

11. Denied as phrased.

12. Paragraph 12 of the Amended Complaint contains legal conclusions to which no response is required; to the extent a response is required, denied.

13. Admitted that Plaintiff was employed by MOCA in the South Florida Office, otherwise, denied as phrased.

14. Admitted that Plaintiff alleges the Court possesses subject matter jurisdiction but denied that the Court possesses subject matter jurisdiction. MOCA denies that any allegation and/or inference that it has violated the FLSA, and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

15. Admitted the Plaintiff alleges that venue is proper in this district but denied that venue is proper in this district. MOCA denies that any allegation and/or inference that it has

violated the FLSA and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

16.     Denied.

### *FLSA Jurisdictional Allegations*

17.     Paragraph 17 of the Amended Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, MOCA admits only that Plaintiff was employed by MOCA.  MOCA denies the remaining allegations contained in Paragraph 8 of the Complaint, denies any allegation and/or inference that it has violated the FLSA, and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.  MOCA respectfully refers the Court to the entirety of the FLSA, its legislative history, and case law for its full and proper interpretation and effect.

18.     Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required; to the extent a response is required, MOCA admits only that Plaintiff was employed by MOCA; however, MOCA denies any allegation and/or inference that it has violated the FLSA, and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

19.     Denied as phrased.

20.     In response to Paragraph 20 of the Amended Complaint, MOCA admits only that records of Plaintiff's employment exist in its custody.  MOCA is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 20 of the Amended Complaint and, therefore, denies the same and demands strict proof thereof.

21.     Denied as phrased.

22.     Denied as phrased.

23. Paragraph 23 of the Amended Complaint contains legal conclusions to which no response is required; to the extent a response is required, MOCA admits only that Plaintiff was employed by MOCA with the title of "Project Coordinator for Bundles" from around June 2025 through the end of his employment; however, MOCA denies any allegation and/or inference that it has violated the FLSA, and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

24. Paragraph 24 of the Amended Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, MOCA admits only that Plaintiff was employed by MOCA. MOCA denies the remaining allegations contained in Paragraph 24 of the Amended Complaint, denies any allegation and/or inference that it has violated the FLSA, and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. MOCA respectfully refers the Court to the entirety of the FLSA, its legislative history, and case law for its full and proper interpretation and effect.

25. Paragraph 25 of the Amended Complaint contains recitations of law which speaks for itself and/or legal conclusions to which no response is required; to the extent a response is required, MOCA admits only that the FLSA speaks for itself. MOCA denies any allegation and/or inference that it has violated the FLSA and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever. MOCA respectfully refers the Court to the entirety of the FLSA, its legislative history, and case law for its full and proper interpretation and effect.

26. Admitted only that MOCA operates a nationwide logistics and project management business. The remaining allegations in Paragraph 26 of the Amended Complaint are denied as phrased.

27.     Admitted only that MOCA communicates with its workers.   The remaining allegations in Paragraph 27 of the Amended Complaint are denied as phrased.

28.     Admitted only that MOCA employs workers who perform warehouse setup operations.   The remaining allegations in Paragraph 28 of the Amended Complaint are denied as phrased.

29.     Paragraph 29 of the Amended Complaint contains legal conclusions to which no response is required; to the extent a response is required, MOCA admits only that MOCA engages in interstate commerce; however, MOCA denies any allegation and/or inference that it has violated the FLSA, and denies that Plaintiff states any justiciable claim and/or is entitled to any relief whatsoever.

30.     Admitted only that MOCA engages in interstate commerce.   The allegations in Paragraph 30 of the Amended Complaint are otherwise denied as phrased.

31.     Admitted only that MOCA's gross revenue exceeded $500,000.00 per year during the preceding three years.   The allegations in Paragraph 31 of the Amended Complaint are otherwise denied as phrased.

32.     MOCA admits only that records of Plaintiff's employment and rate of pay exist in its custody, and such records speak for themselves.   The allegations in Paragraph 32 of the Amended Complaint are denied as phrased.

33.     MOCA admits only that records of Plaintiff's employment and hours worked exist in its custody, and such record speak for themselves.   The allegations in Paragraph 33 of the Complaint are denied as phrased.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     MOCA denies that Plaintiff has been obligated to do anything as alleged in Paragraph 38 of the Amended Complaint.

39.     MOCA denies that Plaintiff is entitled to any relief against Defendants in this action, including, without limitation, the relief requested in Paragraph 39of the Amended Complaint.

MOCA denies that Plaintiff is entitled to any relief against Defendants in this action, including, without limitation, the relief requested in paragraphs 'a' through 'f' of Plaintiff's Prayer for Relief, and demands judgment against Plaintiff, and any such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

MOCA demands a trial by jury of all those issues triable as a matter of right by jury.

## GENERAL DENIAL

To the extent not expressly admitted above, the allegations of the Amended Complaint are hereby denied.

## AFFIRMATIVE DEFENSES

Without admitting or conceding any matter, MOCA alleges and asserts the following Affirmative Defenses to Plaintiff's Amended Complaint (the "Amended Complaint"), undertaking the burden of proof only as required by law and not assuming the burden of proof where substantive law provides otherwise, regardless of how such Affirmative Defenses are denominated herein.  MOCA hereby demands judgment in its favor based upon the following avoidances and affirmative defenses:

1.      Plaintiff has failed to state a cause of action upon which relief can be granted, Plaintiff has been properly paid by MOCA for all wages earned and for all hours worked.

2.      Plaintiff was "exempt" from the FLSA at all times relevant hereto based on the law and regulations on exemptions from the FLSA and is not entitled to any overtime as an exempt employee.

3.      Plaintiff was an exempt employee under the FLSA under the executive exception 29 C.F.R. § 541.100.  Specially, as Project Coordinator, Plaintiff 1) was compensated on a salary basis at a rate of approximately $920 per week, 2) Plaintiff's primary duty was to manage and direct the activities related to MOCA's warehouse setup operations, 3) Plaintiff customarily and regularly directed the work of two or more other employees, and 4) had the authority to hire or fire other employees and whose suggestion and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given great weight.  As an Inventory Leader, Plaintiff 1) was compensated on a salary basis at a rate of approximately $920 per week, 2) Plaintiff's was primarily responsible for receiving, inspecting and maintaining the accountability of items delivered to sites for MOCA's warehouse setup operations, 3) Plaintiff customarily and regularly directed the work of two or more other employees, and 4) had the authority to hire or fire other employees and whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given great weight.  As a Non-Inventory Receiver, Plaintiff was 1) compensated on a salary basis at a rate of approximately $920 per week, 2) Plaintiff was primarily responsible for ensuring the countability of items on the site to ensure success of MOCA's warehouse setup operations, 3) Plaintiff customarily and regularly directed the work of two or more other employees, and 4) had the authority to fire or hire other employees and whose suggestions and recommendations as to

the hiring, firing, advancement, promotion or any other change of status of other employees as given great weight.

4.      Plaintiff was an exempt employee under the FLSA under the administrative exception 29 C.F.R. § 541.200(a).  Specially, as Project Coordinator, Inventory Leader, and Non-Inventory Receiver, Plaintiff was 1) compensated on a salary basis at a rate of approximately $920 per week, 2) Plaintiff's primary duty was the performance of office or non-manual work directly related to MOCA's warehouse setup operations, and 3) Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff's primary duties were to organize and direct the activities of the workers assigned to specific projects, his subordinates. Additionally, among other responsibilities, Plaintiff's job included using his own discretion and independent judgment to identify and correct performance problems, by way of directing his workers assigned to specific projects, to ensure the proper warehouse setup operations. Moreover, Plaintiff was responsible for interacting with employment agencies and documenting employee hours.

5.      Plaintiff was an exempt employee under the FLSA under the managerial exception 29 C.F.R. § 541.102. Specifically, as Project Coordinator, Inventory Leader, and Non-Inventory Receiver, Plaintiff's primary duties were considered managerial in nature. "Management" as defined in 29 C.F.R. § 541.102, includes but is not limited to  "activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work

among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures." As Project Coordinator, Plaintiff had numerous responsibilities, including, but not limited to: scheduling and directing the daily activities of workers assigned to specific projects; the hiring, training, and evaluation of the workers assigned to specific projects; supervising and training his subordinates; maintaining records of warehouse setup operations; and interacting with employment agencies and documenting employee hours.  As an Inventory Leader, Plaintiff had numerous responsibilities, including, but not limited to: directing the daily activities of workers assigned to specific projects, supervising and training his subordinates, and maintaining records of warehouse setup operations.  As a Non-Inventory Receiver, Plaintiff had numerous responsibilities, including, but not limited to: directing the daily activities of workers assigned to specific projects, supervising and training subordinates, and maintaining records of warehouse setup operations.  As such, it's clear that Plaintiff's responsibilities fall under the managerial exception of the FLSA.

6.      Any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as practical administrative matter cannot be recorded with complete precision for payroll purposes are *de minimis* and may be properly disregarded for payroll purposes, consistent with 29 C.F.R. 785.47, the Portal-to-Portal Act, and 29 U.S.C. § 255.

7.      If Plaintiff proves that MOCA acted in violation of the Fair Labor Standards Act ("FLSA"), which MOCA vehemently denies,  MOCA did not willfully violate the FLSA, and at all times acted in good faith reliance upon, and in conformity with, official written administrative

recommendation, rulings, approvals, administrative interpretations, practices, and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division and, in fact, possessed a reasonable, good faith belief that any acts or omissions of MOCA was not in violation of the FLSA.  Therefore, any relief Plaintiff is seeking in this matter is barred, in whole or in part, and a three-year statute of limitations is not warranted.  *See* 29 U.S.C. Section 255(a); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988).

8.      Plaintiff was an at-will employee, and therefore, MOCA was entitled to compensate Plaintiff at the rate MOCA determined to be appropriate for the work Plaintiff allegedly performed, which was at all time above the minimum wage and overtime rate, as applicable.

9.      MOCA is not liable to Plaintiff for liquidated, punitive, or exemplary damages for reasons, including, but not limited to, MOCA's good faith efforts to comply with the law.  MOCA is also not liable for such damages because MOCA did not act in bad faith and/or did not commit any willful, wanton, knowing, intentional, or malicious act, or authorize or ratify such an act.

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks compensation in this action for anything other than compensable working time.

11.     Plaintiff is entitled to any additional wages, which MOCA expressly denies, Plaintiff is only entitled to receive half time pay for any wages due to Plaintiff.

12.     Plaintiff's regular wage rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which Plaintiff did not perform work, including vacations, sick/medical leave, or for periods of time that Plaintiff was otherwise absent from the workplace, such as holidays or other functions.

13.     If Plaintiff proves that MOCA acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but was rather in good faith, and

based on a reasonable belief that such action or omission was not in violation of the FLSA.  MOCA accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

14.     If Plaintiff is able to show that MOCA acted in violation of the FLSA, which is denied, MOCA is entitled to seek a set-off for paid but unearned wages.

15.     Plaintiff's claim is barred by the doctrine of estoppel in that Plaintiff failed to accurately report hours allegedly worked and/or MOCA was unaware that Plaintiff worked the hours claimed.

16.     Plaintiff's claims are barred pursuant to 29 U.S.C. § 259 because all actions taken as to Plaintiff's compensation were done so in good faith reliance upon written administrative regulations, orders, rules approvals, interpretations, and administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

17.     Plaintiff's claims for liquidated damages are barred or precluded pursuant to 29 U.S.C. § 260 because MOCA's actions regarding overtime compensation for Plaintiff were taken in good faith and with reasonable grounds and based on a belief that those actions were not in violation of 29 U.S.C. § 201, *et seq.*

18.     Plaintiff's claims for unpaid overtime compensation are barred as the acts or omissions complained of were done in good faith and MOCA was acting in good faith reliance on, and conformity with, the Portal-to-Portal Act, 29 U.S.C. §255(8), (11).

19.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

20.     Plaintiff's claims are barred to the extent that Plaintiff cannot establish that any acts or omissions of MOCA were willful or intentional under the FLSA.

21.     Any damages awarded to Plaintiff must be offset by all wage payments already made to Plaintiff for hours worked.

22.     Any alleged overtime spent by Plaintiff on the job in excess of any unpaid hours was negligible in amount and, hence, was de minimis; therefore, Plaintiff is not entitled to compensation.

23.     To the extent that Plaintiff alleges that he worked overtime or was unpaid for his work, any work was done without the knowledge and consent of MOCA, or due to Plaintiff's lack of due diligence in completing his assigned tasks.

24.     MOCA is entitled to a set-off as Plaintiff has no right to recovery in this action of any damages or collateral source benefits either paid or payable, including monies he received for unemployment benefits, wages he has received through alternate employment, or monies Plaintiff could have received through the exercise of reasonable diligence.

25.     Plaintiff's claims are barred by the doctrines of waiver and/or ratification because if MOCA failed to pay Plaintiff overtime compensation, which MOCA expressly denies, any such alleged failure should have been discovered by Plaintiff through the exercise of ordinary diligence and Plaintiff expressly and/or impliedly ratified the actions of MOCA by, among other things, accepting payments made by MOCA.

26.     Plaintiff's claim for damages is barred by the doctrine of laches in that Plaintiff continued to work without any extra compensation for the alleged overtime hours worked and continued to do so continuously until the conclusion of his employment without asserting, claiming, or otherwise bringing to the attention of MOCA his claimed entitlement to certain

compensation. To the extent Plaintiff did assert, claim, or otherwise bring to the attention of MOCA that he was entitled to overtime compensation and that he had not been fully compensated for such overtime, and was provided such compensation, Plaintiff's acceptance of any such compensation and failure to assert, claim, or otherwise bring to the attention of MOCA that such compensation was incorrect or otherwise not the full and complete amount of compensation owed, if any, the doctrine of laches bars Plaintiff's claim for damages, in whole or in part.

27.     Plaintiff is seeking to recover damages that are completely speculative in nature.

28.     Plaintiff has failed to mitigate, minimize, or avoid all or a portion of the damages which comprise of Plaintiff's claims by failing to timely seek comparable employment after the conclusion of his employment with MOCA and, thus, MOCA is entitled to a reduction of liability for Plaintiff's failure to mitigate damages.

29.     Plaintiff failed to mitigate his alleged damages, if any, by acts which included the failure to advise of any objection to allegedly working in excess of forty (40) hours per week, not being compensated for time worked; and, the failure of Plaintiff to advise MOCA that he was, as alleged in the Complaint, working in excess of forty (40) hours per week or working hours for which he was not paid, in violation of his perceived legal rights. Therefore, Plaintiff cannot recover against MOCA, or any recovery should be proportionately reduced as a result of his failure to mitigate damages.

30.     Plaintiff's claim is barred by the doctrine of *in pari delicto* because Plaintiff failed to accurately report his hours, inaccurately reported his hours, inflated or modified his hours.

31.     Plaintiff has no standing to maintain Plaintiff's claim against MOCA, as Plaintiff has not sustained any concrete or particularized injury and has not been damaged in any way

**COLE, SCOTT & KISSANE, P.A.**

whatsoever because Plaintiff was adequately compensated for all hours worked during the time period relevant to this litigation.

32.     MOCA is entitled to recover its costs and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

### **RESERVATION OF RIGHTS**

MOCA reserves the right to assert such other affirmative defenses available pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, as may be revealed through discovery and disclosure in this matter.

WHEREFORE, Defendant, MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC., demands judgment in its favor, and requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs pursuant to *Kreager v. Solomon & Flanagan, P.A.,* 775 F. 2d 1541, 1543 (11th Cir. 1985), and any other relief which this Honorable Court deems just and proper.

Dated this 10th day of April 2026.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant MOCA LOGISTICS &*
*INDUSTRIAL SOLUTIONS, INC.*
9150 South Dadeland Boulevard
Suite 1400
Miami, Florida 33156
Telephone 786-268-6785
Facsimile 305-373-2294
Primary e-mail: nicholas.nashII@csklegal.com
Secondary e-mail: nolan.greene@csklegal.com
Alternative e-mail: maya.berry@csklegal.com

By:   */s/ Nolan T. Greene*
NICHOLAS M. NASH II
Florida Bar No.: 1017063
NOLAN T. GREENE
Florida Bar No.: 1062264

1917.2493-00