**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 0:26-CV-60177-AHS

JESUS DICURU ANTONETTI,

*Plaintiff*,

*v.*

MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. AND GIANCARLO MOTTA,

*Defendants*.

**DEFENDANT GIANCARLO MOTTA'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, GIANCARLO MOTTA ("Motta"), pursuant to Federal Rule of Civil Procedure 26(c) and this Honorable Court's inherent authority, moves to stay discovery pending resolution of the *Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction* (ECF [26]) (the "Motion to Dismiss Amended Complaint"), and encloses herewith the following memorandum of law.

**PRELIMINARY STATEMENT**

This action involves alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Motta and co-Defendant MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. ("MOCA") (MOCA and Motta are sometimes collectively referred herein as "Defendants"). After Plaintiff, JESUS DICURU ANTONETTI ("Plaintiff") commenced this action against Defendants on January 22, 2026, by filing the Complaint, (ECF [1]), Motta filed his *Motion to Dismiss for Lack of Personal Jurisdiction*, (ECF [21]). Plaintiff, on

March 27, 2026, filed his Amended Complaint.[1] On April 10, 2026, Motta filed the Motion to Dismiss Amended Complaint. (ECF [26]). In the Motion to Dismiss Amended Complaint, Motta explained that, respectfully, this Honorable Court lacks personal jurisdiction over Motta, who is a nonresident of the State of Florida. *Id.* As explained more fully in the Motion to Dismiss Amended Complaint, this Court respectfully cannot exercise personal jurisdiction over Motta because it is neither authorized by the Florida long-arm statute, nor consistent with principles of due process. *See generally id.* The Motion to Dismiss Amended Complaint remains pending before this Honorable Court. On July 2, 2025, Plaintiff served interrogatories and requests for production of documents upon Motta, the responses to which are currently due on August 3, 2026.

Motta seeks a stay of discovery pending resolution of the Motion to Dismiss Amended Complaint to afford this Honorable Court an opportunity to rule on the matters. As discussed below, such a stay is reasonable and supported by good cause in light of the dispositive jurisdictional challenge pending before this Court, *see Gillier v. Servicios Agecom, LLC*, No. 17-23155, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) (entering stay of discovery given "strong likelihood" that motion to dismiss for lack of jurisdiction would be granted, in which case "proceeding in this forum . . . would be improper"); *see McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (staying discovery given defendants' motion to dismiss for lack of jurisdiction); *Latell v. Triano*, No. 2:13-cv-565, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) (staying discovery due to pending motions challenging "personal jurisdiction, standing, and the legal sufficiency of the amended complaint), and would facilitate the unnecessary expenditure of party resources in connection with potentially

[1] (ECF [23]). Considering the Amended Complaint, on March 31, 2026, this Court denied the *Motion to Dismiss for Lack of Personal Jurisdiction*, (ECF [21]), as moot. (ECF [24]).

unnecessary discovery and promote efficiency and avoid undue burden, *see Chudasama v. Mazda Motor Corp*, 123 F.3d 1353, 1368 (11th Cir. 1997) (stating that "if the [court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after [discovery] encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.").

## ARGUMENT

### I. Legal Standard

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 262 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011). "To prevail on a motion to stay, [a] [d]efendant[] must demonstrate reasonableness and good cause." *Chevaldina v. Katz*, No. 17-22225, 2017 WL 6372602, at *2 (S.D. Fla. Aug. 28, 2017). Good cause "exists when the resolution of a preliminary motion may dispose of the entire action." *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (citing *Nankilvi v. Lockeed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd* 87 F. App'x 713 (11th Cir. 2003)). "In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

"The Eleventh Circuit recently expressed its concern regarding the burdens and costs of conducting discovery before potentially dispositive motions are resolved." *Dry Tech 24/7, Inc. v. Clorox Co.*, No. 22-61291, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022) (Singhal, J.) (granting a motion to stay discovery) (citing *Isaiah v. JP Morgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020)). Thus, in determining whether to enter a stay, "courts generally take a 'preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'" *Chevaldina*, 2017 WL 6372620, at *2 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (MD. Fla. 1997)). Courts within the Eleventh Circuit routinely find that "when faced with legitimate jurisdictional and standing challenges . . . discovery should not commence until such challenges are resolved." *In re Mednax Servs., Inc., Customer Data Sec. Breach Litag.*, Case No. 21-MD-02994-RAR, 2021 WL10428229, at *3; *see also Gillier*, 2017 WL 6994217, at *1; *McCullough*, 2017 WL 6372619, at *1; *Latell*, 2014 WL 5822663, at *2.

## II. Good Cause Exists to Stay Discovery Pending Resolution of the Motion to Dismiss Amended Complaint

### A. A Preliminary Review of the Motion to Dismiss Amended Complaint Shows that this Court, Respectfully, Lacks Jurisdiction Over Motta

Good cause exists to stay discovery pending the Motion to Dismiss Amended Complaint. As discussed in the Motion to Dismiss Amended Complaint, this Court, respectfully, cannot exercise jurisdiction over Motta, a nonresident of the State of Florida. As this Honorable Court is aware, to exercise jurisdiction, this Court must find that jurisdiction is authorized by Florida's long-arm statute, and that the exercise of jurisdiction does not run afoul of the Due Process Clause. Yet, as set forth in the Motion to Dismiss Amended Complaint, Plaintiff has not pleaded the requisite jurisdictional allegations to support the exercise of jurisdiction over nonresident defendant Motta. (ECF [26], at 2). By taking a "preliminary peek" at the Motion to Dismiss Amended Complaint, the arguments raised by Motta are "clearly meritorious and truly case

dispositive.'" *Chevaldina*, 2017 WL 6372620, at *2 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (MD. Fla. 1997)).

### 1. A Preliminary Peek of the Motion to Dismiss Amended Complaint Shows that the Florida Long-Arm Statute Does Not Authorize Jurisdiction Over Motta

While Plaintiff did not articulate which subsection of Florida's long-arm statute Plaintiff contended authorized jurisdiction over Motta,[2] this Circuit's precedent is clear that "[w]hile a corporation may itself be subject to jurisdiction when it transacts business through its agents operating in the forum state, *unless those agents transact business on their own account in the state*, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute." *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 629 (11th Cir. 1996) (emphasis added).

As explained in the Motion to Dismiss Amended Complaint and in Motta's accompanying declaration, Motta—who is a separate individual from the corporate MOCA—does not own, possess, lease, or have any personal interests whatsoever in any property—real or personal—in the State of Florida. (ECF [26], at 8) (quoting *Declaration of Defendant Giancarlo Motta in Support of His Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction* (ECF

---

[2] In the Motion to Dismiss Amended Complaint, Motta explained that neither Fla. Stat. § 48.193(2), Fla. Stat. § 48.193(1)(a)(1), nor Fla. Stat. § 193(1)(a)(6) authorize jurisdiction over Motta. *See* (ECF [26], at 5–11]. In Plaintiff's *Response in Opposition to Defendant Giancarlo Motta's Motion to Dismiss*, Plaintiff solely focused on Fla. Stat. § 48.193(1)(a)(1) in support of his misplaced view that the Florida long-arm statute authorizes personal jurisdiction over Motta. (ECF [27], at 9–12). Thus, Plaintiff waived any argument that Fla. Stat. § 48.193(2) or Fla. Stat. § 48.193(1)(a)(6) authorize jurisdiction over Motta. *See* (ECF [28], at 4 n.2) (citing *Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1357 n.4 (S.D. Fla. 2007) ("When a party fails to address a specific claim or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned.") (quoting *Ramsey v. Bd. of Regents of Univ. Sys. of Ga.*, No. 1:11-CV-3862-JOF-JSA, 2013 WL 1222492, at *29 (N.D. Ga. Jan. 30, 2013), *aff'd*, 543 F. App'x 966 (11th Cir. 2013)). Accordingly, Motta solely addresses the clear merits of his argument that Fla. Stat. § 48.193(a)(1)(1) does not authorize jurisdiction.

[26-1], at ¶ 5). The jurisdictional allegations in Plaintiff's Amended Complaint do nothing more than show that Motta engaged in transactions in the State of Florida as an agent of MOCA. *See* (ECF [26], at 8) (quoting (ECF [23], at ¶¶ 5–11)).

Accordingly, the Florida long-arm statute does not authorize jurisdiction over Motta.

### 2. A Preliminary Peek of the Motion to Dismiss Amended Complaint Shows that the Exercising Jurisdiction Over Motta Would Violate the Due Process Clause

In addition, a "preliminary peek" at the Motion to Dismiss Amended Complaint shows that Motta's argument that the exercise of jurisdiction would violate the Due Process Clause is "clearly meritorious[.]" *See Chevaldina*, 2017 WL 6372620, at *2 (citation omitted). To satisfy the Due Process Clause Analysis, a plaintiff must be able to show that: (1) the plaintiff's claim arises out of or relate to at least one of the defendant's contacts with the forum; (2) the nonresident defendant purposefully availed [it]self of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." (ECF [26], at 11) (quoting *easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV-ALTONAGA/GOODMAN, 2020 WL 5500695, at *1 (S.D. Fla. Sept. 11, 2020)).

A preliminary review of the Motion to Dismiss Amended Complaint establishes that Motta's Due Process Clause arguments are case dispositive.

*First*, a "preliminary peek" at the Motion to Dismiss Amended Complaint reveals that the Amended Complaint does not arise out of or relate to Motta's personal contacts with the State of Florida, because, to the extent Motta engaged in any activities in the forum, such activity was engaged as an agent of MOCA. *See* (ECF [26], at 12) (first citing (ECF [26-1], at ¶ 7), then citing (ECF [23], at ¶¶ 5–11)). *Second*, a "preliminary peek" at the Motion to Dismiss Amended Complaint demonstrates that Motta did not purposefully avail himself of the Florida forum

because, to the extent that Motta has contacts with the State of Florida, such contacts were less than minimal, were made on random, attenuated bases, and made solely as an agent of MOCA. *Id.* at 13 (citing (ECF [26-1], at ¶¶ 5, 7)). *Third*, a "preliminary peek" at the Motion to Dismiss Amended Complaint establishes that the exercise of jurisdiction would not comport with fair play and substantial justice because Plaintiff's allegations center solely on Motta's activities on behalf of MOCA, and, accordingly, the State of Florida has no interest in adjudicating this litigation, especially considering the substantial burden litigating this matter would place on Motta. *Id.* at 14–15.

Thus, because a "preliminary peek" at the Motion to Dismiss Amended Complaint demonstrates that the motion is "clearly meritorious and truly case dispositive[,]" this Court should stay discovery pending resolution of the Motion to Dismiss Amended Complaint. *See Chevaldina*, 2017 WL 6372620, at *2.

**B. Motta Will Suffer Undue Burden and Expense if Discovery is Permitted to Proceed While Staying Discovery Should Not Cause Plaintiff any Prejudice**

Not only does good cause exist to stay discovery because a preliminary review of the Motion to Dismiss Amended Complaint shows that this Court, respectfully, lacks jurisdiction over Motta, but in addition, granting the stay aligns with the interests of judicial economy to both parties. *See Chudasama*, 123 F.3d at 1368. In determining whether to grant a stay, the district court "should consider the burdens of discovery associated with each claim and the validity of those claims." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008).

Here, allowing discovery to proceed would impose undue burden and expense on Motta, especially considering the clear merits of the Motion to Dismiss Amended Complaint. Requiring Motta to participate in discovery—particularly in a forum that Motta did not reasonably anticipate

being haled into—would be inefficient, could lead to unnecessary costs, complexities, and would contrary to the protections of the Due Process Clause. A short stay of discovery pending the resolution of a dispositive motion should not prejudice Plaintiff in any way. Indeed, until the Motion to Dismiss Amended Complaint is resolved, there simply is no legitimate interest in conducting merits discovery in this case.

## CONCLUSION

For the aforementioned reasons, this Honorable Court should enter a stay of discovery pending resolution of the Motion to Dismiss Amended Complaint.

WHEREFORE, Defendant, GIANCARLO MOTTA respectfully requests this Honorable Court enter an Order staying discovery pending resolution of the *Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction* (ECF [26]), and for such further relief as this Honorable Court deems just and proper.

Dated this 2nd day of September 2026.

Respectfully submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Limited Appearance Counsel for Defendant GIANCARLO MOTTA and Counsel for Defendant MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC.*
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone 954-331-4480
Facsimile 954-474-7979
Primary e-mail: nicholas.nashii@csklegal.com
Secondary e-mail: nolan.greene@csklegal.com
Alternative e-mail: maya.berry@csklegal.com

By: */s/ Nolan T. Greene*
NOLAN T. GREENE
Florida Bar No.: 1062264

NICHOLAS M. NASH II
Florida Bar No.: 1017063

1917.2493-00

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and the foregoing agree upon the resolution of this motion.