UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60177-CIV-SINGHAL

JESUS DICURU ANTONETTI,

Plaintiff,

v.

MOCA LOGISTICS & INDUSTRIAL SOLUTIONS, INC. and GIANCARLO MOTTA,

Defendants.
______________________________________/

# ORDER

**THIS CAUSE** is before the Court upon Defendant Giancarlo Motta's Motion to Stay Discovery Pending Resolution of Motion to Dismiss for Lack of Personal Jurisdiction (the "**Motion**"). (DE [32]). "[M]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (quoting *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013)). When considering a stay pending resolution of a purportedly dispositive motion, the Court takes "'a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)). Moreover, "[a] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Id.* (quoting *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). Whether a stay is ultimately warranted is "committed to the sound discretion of the district court." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)).

The Motion is due to be denied for two reasons. *First*, the Court has taken a "preliminary peek" at the Motion to Dismiss (DE [26]) and is not convinced it is "*clearly* meritorious." That is not to say that the Motion to Dismiss lacks merit—indeed, Defendant Motta advances at least some compelling arguments. Nevertheless, the Court is unconvinced that it lacks personal jurisdiction over Defendant Motta under any theory and therefore cannot conclude that the Motion to Dismiss is clearly meritorious. *Second*, even if the Court granted the Motion to Dismiss, the case would proceed against Defendant MOCA Logistics, such that a stay of discovery is unwarranted at least as to MOCA. And since Defendant Motta is MOCA's president, *see* (DE [26] at 2), discovery related to Defendants' alleged failure to pay FLSA wages will likely overlap. Thus, a stay of discovery as to only Defendant Motta would have the likely effect of duplicating the parties' and this Court's efforts. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion (DE [32]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF